NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0572n.06
Filed: September 23, 2008

No. 07-3997

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MARK C. SHAW, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES |
| | ) | DISTRICT COURT FOR THE SOUTHERN |
| RICHARD C. PFEIFFER, JR. et al., | ) | DISTRICT OF OHIO |
| | ) | |
| Defendants-Appellants. | ) | OPINION |
| | ) | |
| | ) | |

**Before: DAUGHTREY and GILMAN, Circuit Judges**; **and MILLS, District Judge.**[*]

**RONALD LEE GILMAN, Circuit Judge.** Mark C. Shaw was fired from his position as a Criminalist for the City of Columbus Division of Police and prosecuted for dereliction of duty. After the criminal charges against him were dismissed, he sued the City pursuant to 42 U.S.C. § 1983 by naming two city employees in their official capacities only. The City filed a motion for summary judgment after the deadline for completion of discovery had passed. Shaw then moved for leave to file an amended complaint that named the defendants in their individual capacities. The district court denied Shaw's motion for leave to amend and granted summary judgment in favor of the City.

---

[*] The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

This court's decision in *Lovelace v. O'Hara*, 985 F.2d 847 (6th Cir. 1993), controls the disposition of Shaw's motion for leave to amend. Because the statute of limitations on § 1983 claims had already passed before Shaw attempted to name the defendants in their individual capacities, the amendment would have been permissible only if it "related back" to the date of the original complaint. *See* Fed. R. Civ. P. 15(c). The amendment did not relate back because the original complaint expressly named the defendants in their official capacities only, and therefore did not place them on notice of possible individual liability. *See Lovelace*, 985 F.2d at 850 (denying leave to amend under virtually identical circumstances).

Turning now to the City's summary-judgment motion, Shaw was required to identify a policy of the City that allegedly violated his constitutional rights and to connect that policy with the injury suffered in order to state a cause of action. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). Shaw never identified any such policy, nor conducted any discovery on that or any other issue. His attempted amendment following the defendants' motion for summary judgment simply asserted that an offending policy existed, without further explanation. The district court accordingly granted summary judgment in favor of the defendants.

After carefully considering the record on appeal, the briefs of the parties, and the applicable law, we agree with the district court's denial of Shaw's motion for leave to amend and its grant of summary judgment in favor of the City of Columbus. Because the reasoning that supports the judgment for the City has been clearly articulated by the district court in a thorough and comprehensive opinion, the issuance of a detailed appellate opinion would be unduly duplicative. The judgment rendered by the

Honorable George C. Smith, District Judge of the United States District Court for the Southern District of Ohio, is accordingly affirmed on the basis of the reasoning detailed in his Opinion and Order filed on September 7, 2006.